UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM SCOTT KOWARSH,

    Plaintiff,

    v.

ANTHONY HECKMAN, et al.,

    Defendants.

Case No. 14-cv-05314-MEJ

**ORDER RE: MOTIONS TO DISMISS AND MOTION TO AMEND; ORDER STRIKING "3RD AMENDED ORIGINAL COMPLAINT"**

Re: Dkt. Nos. 15, 19, 21, 27

**INTRODUCTION**

Pro se Plaintiff Adam Scott Kowarsh sued Defendants,[1] alleging violations of his constitutional rights as well as state law claims for libel and slander related to his arrest and subsequentf prosecution for public intoxication.  First Am. Compl. ("FAC") ¶¶ 1 & 9, Dkt. No. 7. The Court previously dismissed Plaintiff's initial Complaint without prejudice and granted his in forma pauperis application.  Dkt. No. 6.  Now pending before the Court are two Motions to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6): one filed by Defendants Anthony Heckman, James Leal, Michael Carroll, Ted Yamasaki, and John Robertson (the "City Defendants") (Dkt. No. 15), and the other filed by Defendants John Jay and Gregory O'Connell (the "Attorney Defendants") (Dkt. No. 19).  Rather than filing an Opposition, Plaintiff has filed a Motion to Amend his Complaint to "respond" to the "alleged deficiencies" identified in the Defendants' Motions.  Dkt. No. 21.  Both the City Defendants and the Attorney Defendants oppose Plaintiff's Motion.  Dkt. Nos. 26 (City Defs.' Opp'n) & 23 (Att'y Defs.' Opp'n).  Once

---

[1] Plaintiff has named as Defendants Michael Carroll, Graciela Estrada-Scaminaci, Anthony Heckman, John Jay, Song Kim, James Leal, Gregory O'Connell, John Robertson, Aminder Singh, Ted Yamasaki.  Defendants Graciela Estrada-Scaminaci, Song Kim, and Aminder Singh have not yet filed responses to Plaintiff's Complaint.

again, rather than filing a Reply, Plaintiff filed a "3rd Amended Original Complaint." Dkt. No. 27. The Court held a hearing on the matter on April 16, 2015. Dkt. No. 28. Having carefully considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the City Defendants' and the Attorney Defendants' Motions, and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action pro se on December 3, 2014. Compl., Dkt. No. 1. The Court granted Plaintiff's Motion to Proceed In Forma Pauperis but dismissed Plaintiff's Complaint for failure to state a claim upon which relief could be granted. Dkt. No. 6. Specifically, while the Court found that Plaintiff "appear[ed] to allege potential claims under 42 U.S.C. § 1983 and related state law claims surround[ing] his arrest and subsequent prosecutions," the Court was ultimately unable to determine the nature of his allegations as written. *Id.* at 5. The Court noted that "Plaintiff's Complaint is largely devoid of facts or allegations that adequately identify the named defendants and establish causation and harm as to each of them." *Id.* In dismissing Plaintiff's Complaint, the Court also granted Plaintiff leave to amend. *Id.* at 1. Plaintiff filed his FAC, the operative complaint, on January 5, 2015.

According to his FAC, Plaintiff is a "disabled California medicinal cannabis patient." FAC ¶ 9. Plaintiff contends that he was "written a cannabis possession citation despite valid identification which represented a valid medical doctor's recommendation." *Id.* ¶ 9. Plaintiff alleges that Defendant police officer Anthony Heckman wrote him the citation while Plaintiff was walking on private property. *Id.* ¶¶ 10, 23. Plaintiff alleges that the citation was a crime, as was the fact that Heckman "did not turn that citation in[.]" *Id.* ¶ 22. Additionally, Plaintiff alleges that Heckman "attacked" him and searched him without Plaintiff's consent, including by "forcibly" searching Plaintiff's genitals in front of Heckman's female partner. *Id.* ¶¶ 10, 22.

Plaintiff alleges that he was "despondent about being attacked, kidnapped, and charged as MY blood was being drawn" and that Heckman "insisted" Plaintiff be "charged, and convicted, despite my Clean Blood." *Id.* ¶ 10. Plaintiff asserts that he was "subsequently charged with public intoxication of Toluene, a charge my blood was taken to support." *Id.* ¶ 9. Plaintiff alleges

United States District Court
Northern District of California

that he "gave blood evidence which proved his innocence" but was never allowed to use the blood evidence to defend his own innocence. *Id.* ¶¶ 4, 5, 9. Plaintiff's SAC indicates that this arrest and search occurred on "June 1/2, 2009." SAC at 5.

Plaintiff alleges that Defendant Gregory O'Connell is the man who maliciously prosecuted him and conspired to suppress blood evidence. FAC ¶ 12. Defendant John Jay is the man who walked into the courtroom and spoke to O'Connell and who saw that Plaintiff "had an accident as I exited the BART restroom." *Id.* ¶ 11. Defendant Graciela Estrada-Scaminaci is "the lady" to whom Plaintiff alleges he shouted "But I'm Not Guilty" when she told Plaintiff to accept the plea bargain, "despite the command before entering the courtroom Not to Plea because I am INNOCENT and have both Blood Evidence and a Countersuit." *Id.* ¶ 13. Plaintiff alleges that Estrada-Scaminaci "misrepresented me into accepting the 'Plea' under the auspices of a countersuit." *Id.* Defendants Song Kim and Aminder Singh are Public Defenders, who Plaintiff alleges committed "malicious prosecution despite exonerating evidence." *Id.* ¶¶ 14-15.

Plaintiff alleges that he complained to the Newark Police Department, "where every effort was made to confound any accountability to receive complaint or faithfully administer any form of adequately accountability, a contempt demonstrated in the e-mailed correspondence with JAMES LEAL and MICHAEL CARROLL." *Id.* ¶ 6. Defendant James Leal is the Chief of Police at the Newark Police Department, who Plaintiff alleges "attempted to confound complaint first by handing the complaint off to MICHAEL CARROLL." *Id.* ¶ 16. According to Plaintiff, Leal "was Aware of every condition I wrote him about" but "did not adequately address any aspect of complaint" and "attempted to subvert accountability." *Id.*

Plaintiff alleges that Defendant Michael Carroll is "the officer most aware of the conditions" Plaintiff complained about. *Id.* ¶ 17. Plaintiff states that Carroll remembers Plaintiff "serving 17 days for unsubstantiated terrorist threat charges" made by a woman to rob Plaintiff of over "$420 worth of property." *Id.* Plaintiff also alleges that Carroll knows that Plaintiff was "pepper-sprayed through a little sliding peephole in a closed steel door" while he sat "handcuffed on the floor." *Id.* Plaintiff also asserts that Carroll "might be the guy with information" about a person in "FPD homicide" who Plaintiff alleges "killed a young man who resembled [Plaintiff],

1    for looking like the Snitch who got on an AC transit bus." *Id.* Additionally, Plaintiff contends

2    that Carroll is "most likely the man to ask about why RICHARD PRIEST had a shoebox from

3    before Mr. Morrison was a Captain at Fremont Police Department, but RICHARD PRIEST is

4    missing the same time" as a woman was "out of Newark, vanished, as his Mother filed missing

5    person's reports." *Id.* Finally, Plaintiff alleges that Carroll "fought harder than anyone else at the

6    NEWARK POLICE DEPARTMENT to defend" Heckman." *Id.*

7    Plaintiff asserts that he learned that "not one 'Oath of Office' document is notarized, and

8    that MICHAEL CARROLL does not have a date on his 'Oath of Office' document." *Id.* ¶ 7.

9    Plaintiff also asserts claims against two City Clerks, Defendants Ted Yamasaki and John

10    Robertson, who Plaintiff alleges are accessories "because they failed so dramatically at their

11    station as to put my constitutional rights in imminent risk by co-Defendants." *Id.* ¶¶ 18-19.

12    Plaintiff further alleges that Defendant Jerry Tutterow, a security guard, is registered "with

13    the DoJ, to whom I complained in regards to him." *Id.* ¶ 20. He is "Defendant's Accessory and

14    Conspirator." *Id.* Elsewhere, Plaintiff alleges that Heckman conspired with Tutterow to

15    "confound complaint in conspiracy subversive to California law." *Id.* ¶ 3.

16    Plaintiff states that he has been a psychiatric medicine patient since he was 16, and on

17    Social Security Permanent Disability for Schizo-Affective disorder with insomnia and anxiety

18    since 1998. *Id.* ¶ 9. Plaintiff alleges that his hospitalizations had tapered off "to almost nil with

19    symptom management before November 2013, but that two "episodes" put him into the John-

20    George Psychiatric Pavilion in San Leandro, CA, "because of [Tutterow] discussing his

21    association with [Heckman]." *Id.* Plaintiff now seeks over $142 billion in damages from

22    Defendants, "DUE and PAYABLE to [Plaintiff], by February 1st, 2015." *Id.* at 6.

23    The City Defendants filed their Motion to Dismiss on February 25, 2015, and the Attorney

24    Defendants filed their Motion to Dismiss on March 4, 2015. Among other things, the City

25    Defendants argue that Plaintiff's claims are barred by the statute of limitations and otherwise fail

26    to state a claim against them for violations of 42 U.S.C. §§ 1983 and 1986. City Defs. Mot. at 1,

27    3. The Attorney Defendants likewise challenge Plaintiff's FAC, contending that Plaintiff's claims

28    against them are barred by two Supreme Court rulings: (1) *Heck v. Humphrey*, which prohibits

United States District Court
Northern District of California

4

1    Plaintiff from bringing a civil rights claim that would necessarily imply the invalidity of his earlier

2    conviction or sentence; and (2) *Imbler v. Pachtman*, which makes prosecutors absolutely immune

3    from civil suits for damages under § 1983 that challenge activities related to their prosecutorial

4    functions.  Att'y Defs.' Mot. at 1-2.  Plaintiff filed his Motion for Leave to Amend/Correct and

5    file his proposed Second Amended Complaint ("SAC") on March 5, 2015.  Dkt. Nos. 21 (Mot.)

6    and 21-1 (SAC).  The City Defendants and the Attorney Defendants oppose Plaintiff's Motion on

7    substantially similar grounds as asserted in their Motions to Dismiss.

**LEGAL STANDARDS**

8

9    **A.    Motion to Dismiss**

10         Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a

11   claim upon which relief may be granted.  A Rule 12(b)(6) motion challenges the sufficiency of a

12   complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face."

13   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a

14   "probability requirement" but mandates "more than a sheer possibility that a defendant has acted

15   unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations

16   omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual

17   allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

18   non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

19   2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of

20   sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*,

21   534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v.*

22   *Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the

23   basis of a dispositive issue of law.").

24         Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only

25   required to make "a short and plain statement of the claim showing that the pleader is entitled to

26   relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

27   a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

28   "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

United States District Court
Northern District of California

5

1  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652

2  F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint . . . must contain sufficient

3  allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

4  effectively").  The court must be able to "draw the reasonable inference that the defendant is liable

5  for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a

6  plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw

7  on its judicial experience and common sense." *Id.* at 679.

8       Pro se pleadings are also subject to Rule 8(a)(2).  *Brazil v. U.S. Dept. of Navy*, 66 F.3d

9  193, 199 (9th Cir. 1995).  However, pleadings of pro se litigants are held to even less rigid

10 standards than those drafted by attorneys.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing

11 *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "Courts have a duty to construe pro se pleadings

12 liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339

13 F.3d 920, 925 (9th Cir. 2003).  While a pro se plaintiff's pleadings will be construed with great

14 leeway, "those pleadings nonetheless must meet some minimum threshold in providing a

15 defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199.  "When

16 there are well-pleaded factual allegations, a court should assume their veracity and then determine

17 whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

18      If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

19 request to amend the pleading was made, unless it determines that the pleading could not possibly

20 be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

21 banc) (internal quotation marks and citations omitted); *see also Gillespie v. Civiletti*, 629 F.2d

22 637, 640 (9th Cir. 1980) (plaintiffs should be given "an opportunity to amend (their) complaint(s)

23 to overcome any deficiency unless 'it clearly appears . . . that the deficiency cannot be overcome

24 by amendment.'" (citations omitted)).  "Dismissal of a pro se complaint without leave to amend is

25 proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by

26 amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

27 **B.    Motion to Amend**

28      Rule 15 provides that a party may amend its pleading once as a matter of course within (1)

6

21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. P. 15(a)(1).  Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to the opposing party is the most important factor."  *Jackson*, 902 F.2d at 1387.  And the party opposing amendment bears the burden of showing prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Generally, a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## DISCUSSION

Likely in a lack of familiarity with court procedures, Plaintiff filed both a Motion for Leave to File a Second Amended Complaint and then later a third amended complaint, which he filed without Defendants' consent or leave of Court.  Although Plaintiff filed his Motion for Leave to File a Second Amended Complaint in the midst of Defendants filing their Motions to Dismiss, the Court is willing to consider that Motion in parallel with Defendants' Motions to Dismiss, as Plaintiff's Motion was properly filed and noticed.  *See* Fed. R. Civ. P. 15(a) (noting that after the time to file an amended pleading "as a matter of course" the party seeking to amend may only do so with the "opposing party's written consent or the court's leave.").  But as to Plaintiff's "3rd Amended Original Complaint", the Court will not consider that document and **STRIKES** it as improperly filed.

Turning to Plaintiff's Motion for Leave to Amend and Defendants' Motions to Dismiss,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the Court notes that the viability of Plaintiff's Motion turns in part on whether his proposed claims

2   are futile, which substantially overlaps with Defendants' Motions to Dismiss under Rule 12(b)(6)

3   for failure to state a claim upon which relief can be granted. *See Miller v. Rykoff-Sexton, Inc.*, 845

4   F.2d 209, 214 (9th Cir. 1988) (a proposed amendment is futile if it would not survive a motion to

5   dismiss for failure to state a claim under Rule 12(b)(6)). As discussed below, because the Court

6   finds that the FAC and proposed SAC fail to state a claim, the Court **GRANTS** Defendants'

7   Motions To Dismiss and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend.

**A.      Claims Against Attorneys John Jay and Gregory O'Connell**

8

9           Jay and O'Connell are Deputy District Attorneys with the Alameda County District

10  Attorney's Office. McKay Decl., Exs. 1-2, Dkt. No. 19-1. As the Attorney Defendants note,

11  Plaintiff's "claims against [them] appear to be based on allegations involving the District

12  Attorney's and Defendants Jay's and O'Connell's initiation and prosecution of State criminal

13  proceedings against Plaintiff (action #234111-2)." Att'y Defs.' Opp'n at 2-3 (citing McKay Decl.,

14  Exs. 3-5).[2] As this statement indicates, from Plaintiff's FAC it is not entirely clear what claims

15  Plaintiff asserts against these Defendants, but at the hearing Plaintiff confirmed that he asserts

16  claims against Defendants Jay and O'Connell for malicious prosecution. Likewise, in his FAC,

17  Plaintiff alleges that O'Connell "is the man who maliciously prosecuted [Plaintiff] in Docket

18  #231111-2, conspiring to suppress blood evidence . . . to violate Plaintiff's federally protected

19  constitutional rights for profit and personal gain." FAC ¶ 12. Plaintiff's FAC also asserts that Jay

20  "walked into the courtroom and spoke to Gregory O'Connell . . . ." *Id.* ¶ 11. In his SAC, Plaintiff

21

22  ────────────────────
    [2] Defendants Jay and O'Connell requested that the Court take judicial notice of the documents
23  attached to McKay's Declaration. Dkt. No. 19-2. Exhibit 3 is the Complaint in *People v. Adam Scott Korwarsh*, Alameda Superior Court action #234111-2; Exhibit 4 is the November 3, 2010
24  Clerk's Docket in *People v. Adam Scott Korwarsh*, Alameda Superior Court action #234111-2;
    and Exhibit 5 is the Misdemeanor Advisement of Rights, Waiver and Plea Form signed by
25  Plaintiff on November 3, 2010 in *People v. Adam Scott Korwarsh*, Alameda Superior Court action
    #234111-2. The Attorney Defendants also request the Court take judicial notice of Exhibits 1 and
26  2, which are California State Bar records showing that they are Deputy District Attorneys with the
    Alameda County District Attorney's Office. Considering the nature of these documents, the Court
27  takes judicial notice of Exhibits 1-4 of McKay's Declaration pursuant to Federal Rule of Evidence
    201. *See* Fed. R. Evid. 201(b); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741,
28  746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public
    record").

clarifies that "this action is brought against [Defendants Jay and O'Connell] for violating the federal protected Constitutional Rights of [Plaintiff] for their malicious prosecution of Docket #234111-2 despite exonerating evidence in the form of [Plaintiff's] own clean blood."  SAC at 5.

Defendants Jay and O'Connell move to dismiss Plaintiff's FAC on the ground that Plaintiff fails to state a claim against them for which relief can be granted, and similarly challenge Plaintiff's Motion to Amend on the basis that Plaintiff's claims against them are futile on the same ground.  Specifically, Defendants contend that Plaintiff's claims against them are barred the Supreme Court's decisions of *Imbler v. Pachtman*, 424 U.S. 409 (1976) and *Heck v. Humphrey*, 512 U.S. 477 (1994).  Att'y Defs.' Opp'n at 2-8.

      1.   Plaintiff's Claims are *Heck*-barred

In *Heck*, the plaintiff named the county prosecutors as defendants, alleging among other things that they had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to plaintiff's arrest and had "knowingly destroyed" evidence "which was exculpatory in nature and could have proved [plaintiff's] innocence[.]"  512 U.S. at 479 (citations omitted).  The Supreme Court found that the plaintiff's § 1983 claim was analogous to the common law cause of action for malicious prosecution because it permits damages for a sentence "imposed pursuant to legal process."  *Id.* at 484.  As such, the Supreme Court held that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."  *Id.* (citations omitted).[3]  The Supreme Court noted that this requirement is necessary in cases asserting malicious prosecution because it "avoids parallel litigation" and maintains the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."  *Id.* (citation omitted).  The requirement additionally stops a criminal defendant from collaterally attacking his or her conviction through a civil suit.  *Id.* at 484-85.  The Court concluded by noting that the long-standing "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §

---

[3] An action terminates in favor of the accused if his sentence is declared invalid, for instance if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 487.

1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his

conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id.*

at 486 (footnote omitted).

As a result of the Supreme Court's ruling, the Ninth Circuit has affirmed that "[u]nder

*Heck v. Humphrey*, [the plaintiff] cannot recover damages in a § 1983 suit if a judgment in favor

of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Guerrero

v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487).  Stated another way,

if a judgment in favor of a plaintiff on his civil rights claim will necessarily imply the invalidity of

his conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence already has been invalidated.  *Whitaker v. Garcetti*, 486 F.3d 572, 584

(9th Cir. 2007) ("[T]he sole dispositive question is whether a plaintiff's claim, if successful, would

imply the invalidity of his conviction.").  Additionally, since *Heck*, the Ninth Circuit has

recognized that malicious prosecution claims brought under § 1983 only accrue upon favorable

termination of the underlying criminal proceeding.  *See Cabrera v. City of Huntington Park*, 159

F.3d 374, 382 (9th Cir. 1998) (plaintiff's "malicious prosecution claim did not accrue until his

acquittal"); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002) ("a

claim of malicious prosecution does not accrue until the plaintiff is acquitted, because acquittal is

an element of the claim").

*Heck* bars Plaintiff's claims against the Attorney Defendants for two primary reasons.

First, under *Heck* and its successor precedents, Plaintiff cannot provide evidence to prove a

fundamental element of his malicious prosecution claim—namely, that the underlying criminal

proceeding ultimately concluded in his favor.  *Heck*, 512 U.S. at 483-87 (§ 1983 claim not

cognizable because allegations were akin to malicious prosecution claim, which includes as an

element that the criminal proceeding was concluded in plaintiff's favor).

Second, if Plaintiff had the opportunity to litigate this case and was ultimately successful in

showing that Defendants Jay and O'Connell maliciously prosecuted him in the underlying

criminal case by charging him despite exculpatory evidence, then that success calls into question

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the state judgment convicting Plaintiff.  *Cf. Thornton v. Brown*, 757 F.3d 834, 843 (9th Cir. 2013)

2    ("a claim does not 'necessarily imply' the invalidity of a conviction or sentence under *Heck* unless

3    its success will 'inevitably' call into question the state court judgment that led to the plaintiff's

4    custody." (citations omitted)).  While the matter is somewhat complicated here because Plaintiff's

5    conviction is based on his own no contest plea, as discussed below, the Court cannot see how it

6    could grant Plaintiff relief that would not call into question his earlier plea.

7            In recent decisions, the Ninth Circuit has recognized the so-called "*Heck* bar" does not

8    necessarily apply to cases where the Plaintiff's conviction was based upon a no contest plea.  *See*

9    *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), cited with approval in *Jackson v. Barnes*, 749

10   F.3d 755, 760 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015).  In *Lockett*, police officers

11   suspected the plaintiff of driving under the influence of alcohol and entered his home to obtain

12   evidence, including by having the plaintiff take a breathalyzer and field sobriety tests.  656 F.3d at

13   894.  The plaintiff did not successfully complete those tests, and after his arrest, he subsequently

14   moved to suppress that evidence based on allegations that the police seized that evidence without a

15   warrant in violation of his Fourth Amendment rights.  *Id.* at 894-95.  The criminal court denied the

16   motion to suppress, and the plaintiff then pled no contest to a lesser charge, a "wet reckless."  *Id.*

17   at 895.  The plaintiff was put on probation for three years.  *Id.*  The plaintiff then filed a civil

18   complaint under 42 U.S.C. § 1983, which the district court found was barred by *Heck v*

19   *Humphrey*.  *Id.*  On appeal, the Ninth Circuit found that the plaintiff's subsequent § 1983 action

20   was not barred by *Heck*, reasoning that because plaintiff pled no contest, his "conviction derives

21   from his plea, not from a verdict obtained with supposedly illegal evidence.  The validity of

22   Lockett's conviction does not in any way depend upon the legality of the search of his home."  *Id.*

23   at 897 (internal quotations and citations omitted).

24           *Lockett* relied on an earlier Ninth Circuit precedent, *Ove v. Gwinn*, 264 F.3d 817 (9th Cir.

25   2001), where two plaintiffs who had entered pleas of guilty and nolo contendere in their criminal

26   proceedings later challenged the blood tests taken after their DUI arrests.  *Id.* at 823.  The *Ove*

27   Court found that *Heck* was inapplicable because the validity of those plaintiffs' convictions "does

28   not in any way depend upon the legality of the blood draws."  *Id.*  The Ninth Circuit explained that

United States District Court
Northern District of California

1   "a judgment in [plaintiffs'] favor will not imply the invalidity of their DUI convictions because the

2   convictions do not depend upon the blood draws." *Id.* Therefore, in this case, the fact that

3   Plaintiff pled no contest to his criminal conviction does not automatically mean his claim is barred

4   by *Heck. See also discussions in Leon v. San Jose Police Dep't*, 2013 WL 5487543, at *3-4 (N.D.

5   Cal. Sep. 30, 2013) and *Cooley v. City of Vallejo*, 2014 WL 3749369, at *3 (E.D. Cal. July 29,

6   2014), *report and recommendation adopted*, 2014 WL 4368141 (E.D. Cal. Sept. 2, 2014)

7   (discussing divergence of Ninth Circuit precedents for applying *Heck* bar in cases where plaintiff

8   pled guilty or no contest in underlying criminal proceedings).

9       The difference between this case and the *Lockett* and *Ove* precedents is that here Plaintiff

10   asserts claims for malicious prosecution against the charging prosecutors, whereas in those cases

11   the claims were related to the methods used by police to obtain evidence. The *Lockett* and *Ove*

12   plaintiffs' pleas of guilty and no contest were not inconsistent with their claims that police

13   obtained evidence against them in a way that violated their constitutional rights. But in this case

14   Plaintiff's plea of no contest is inconsistent with his claim that Defendants Jay and O'Connell

15   maliciously prosecuted him because it essentially suggests that Plaintiff did, in fact, contest the

16   criminal charges against him.

17       In *Rosales-Martinez v. Palmer*, the Ninth Circuit recently considered a similar situation

18   where the plaintiff filed a § 1983 complaint after pleading guilty and serving time for the guilty

19   charge. 753 F.3d 890, 897 (9th Cir. 2014). The Court of Appeal noted that this meant that the

20   plaintiff still had an outstanding conviction, which "raises the question whether [plaintiff]'s §

21   1983 action is barred by *Heck's* holding that "[a] claim for damages [based] on a conviction or

22   sentence that has not been so invalidated is not cognizable." *Id.* (citing *Heck*, 512 U.S. at 487).

23   The Ninth Circuit ordered the lower court to consider this issue on remand, noting that the district

24   court may "wish to consider whether any of the facts [plaintiff] allocuted to in his December 2,

25   2008 plea are inconsistent with his allegations in this § 1983 action." *Id.* at 899. Although the

26   Ninth Circuit did not spell out what sort of inconsistency would make a no contest or guilty plea

27   barred by *Heck*, it implied that such an inconsistency was possible.

28       The Court finds that such an inconsistency is present here. If Plaintiff successfully showed

12

that Defendants Jay and O'Connell maliciously prosecuted him by ignoring exculpatory blood evidence, this would reveal an inconsistency with his no contest plea by suggesting that he contested the charges against him and had evidence to support his opposition. At bottom, his current claim implies that the sentence he served as part of his no contest plea was invalid. *See Blumberg v. Hewitt*, __ Fed. App'x __, 2015 WL 1534414, at *1 (9th Cir. Apr. 7, 2015). Under the Supreme Court's ruling in *Heck*, this Court cannot hear claims that imply the invalidity of Plaintiff's conviction. Consequently, Plaintiff's malicious prosecution claims against the Attorney Defendants as presently alleged in his FAC and his proposed SAC are not properly adjudicated in this action.

### 2.   *Imbler* Prosecutorial Immunity

Even if Plaintiff could show that his sentence was set aside or provide some other reason why his no contest plea is not inconsistent with his malicious prosecution claims, Plaintiff's claims against the Attorney Defendants are nevertheless barred under the Supreme Court's ruling in *Imbler*. *Imbler* held that "in initiating a prosecution and in presenting the State's case," the prosecutor is immune from a civil suit for damages under § 1983. 424 U.S. at 430-31. "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler*, 424 U.S. at 416; footnote omitted).

As noted above, Plaintiff's claims against the Attorney Defendants appear to relate to their decision to prosecute Plaintiff despite knowledge of exculpatory blood evidence. The Supreme Court confronted a similar fact pattern in *Imbler*, where the plaintiff alleged that, among other things, the defendant prosecutor had "prosecuted him with knowledge of a lie detector test that had 'cleared' [him]." 424 U.S. at 416. The Supreme Court affirmed the Court of Appeals' decision that such "activities [by the prosecutor] were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Id.* at 430. In affirming, the Supreme Court noted that "[t]o be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a

United States District Court
Northern District of California

1    prosecutor's immunity would disserve the broader public interest.  It would prevent the vigorous

2    and fearless performance of the prosecutor's duty that is essential to the proper functioning of the

3    criminal justice system." *Id.* at 427-28.  Accordingly, the Court held that the prosecutor was

4    entitled to absolute immunity.

5           The rule adopted in light of *Imbler* is that "[p]rosecutors performing their official

6    prosecutorial functions are entitled to absolute immunity against constitutional torts." *Lacey v.*

7    *Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc).  The Ninth Circuit has

8    acknowledged that "[d]etermining what functions are prosecutorial is an inexact science." *Id.*  It

9    explained that "[p]rosecutors are absolutely immune from liability for the consequences of their

10   advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial

11   body; they are not necessarily immune for actions taken outside this process, including actions

12   logically—though not necessarily temporally—prior to advocacy, such as those 'normally

13   performed by a detective or police officer,' like gathering evidence, [] and those separate from the

14   process, like providing legal advice to the police[.]" *Id.* at 913 (citations omitted).

15          Plaintiff's FAC and SAC only allege facts suggesting that the Attorney Defendants took

16   actions related to their prosecutorial functions, namely by alleging that they "maliciously

17   prosecut[ed]" Plaintiff "despite exonerating evidence in the form of [Plaintiff's] own clean blood."

18   SAC at 5; FAC ¶¶ 11-12.  Plaintiff's allegations do not suggest that the Attorney Defendants'

19   actions in any way related to actions taken outside the judicial process.  Because Plaintiff's

20   allegations relate to the district attorney's actions in performing functions intimately associated

21   with the judicial phase of the criminal process, Plaintiff's claim must be dismissed on grounds of

22   prosecutorial immunity.  *Imbler*, 424 U.S. at 430.

23   **B.      Claims Against City Defendants**

24          The City Defendants also challenge Plaintiff's FAC under Rule 12(b)(6) as well as

25   Plaintiff's proposed SAC on futility grounds.  The City Defendants contend that Plaintiff's SAC

26   fails for the same reasons as his FAC: specifically, they argue that (1) both Plaintiff's FAC and

27   SAC fail to comply with Federal Rule of Civil Procedure 8; (2) Plaintiff's claims are barred by the

28   statute of limitations; and (3) Plaintiff has failed to state a claim under 42 U.S.C. § 1983 or §

United States District Court
Northern District of California

14

1986.[4]  City Defs.' Mot. at 3; City Defs.' Opp'n at 3-11.

    1.    <u>Statute of Limitations</u>

    A statute of limitations defense may be raised in a motion to dismiss, and a claim may be dismissed as untimely "when the running of the statute is apparent from the face of the complaint."  *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013).  "[S]uch a motion to dismiss should be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Vernon*, 811 F.2d at 1278 (quotations omitted).  For purposes of a motion to amend, claims barred by the statute of limitations are futile.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (the "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal . . . .")).

    Plaintiff appears to allege claims against the City Defendants for violations of 42 U.S.C. §§ 1983 and 1986, and for libel and slander; thus, the question is whether these claims are timely.  Before considering these claims individually, however, the Court finds some of Plaintiff's claims are tolled.  Specifically, California Government Code section 945.3 provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal or superior court.
>
> *Any applicable statute of limitations for filing and prosecuting these*

---

[4] The City Defendants construed Plaintiff's conspiracy claims to fail under 42 U.S.C. § 1985 and argued that those claims are likewise futile.  Both Plaintiff's FAC and SAC suffer from lack of clarity, but there is no indication that Plaintiff intended to bring a claim under § 1985.  Therefore, at this time, the Court will not consider the City Defendants' arguments as to a potential § 1985 claim.

United States District Court
Northern District of California

1

> *actions shall be tolled during the period that the charges are pending before a municipal or superior court.*

2  (Emphasis added).

3      The first paragraph of section 945.3 is not applicable to § 1983 claims brought in federal

4  court, but the tolling provision in the highlighted second paragraph does apply. *Harding v.*

5  *Galceran*, 889 F.2d 906, 908 (9th Cir. 1989). The tolling provision operates only so long as the

6  criminal charges are "pending," which means until the date of judgment and conviction. *Trimble*

7  *v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). The state court record before the Court

8  shows that the charges stemming from the June 1, 2009 arrest were pending at least until

9  November 3, 2010, when Plaintiff entered a no contest plea. McKay Decl., Ex. 4. Thus, section

10  945.3 tolls the statute of limitations until at least November 3, 2010 on certain of Plaintiff's claims

11  arising from events occurring before or during the time charges were pending against him. *See*

12  *Ortega v. Mattocks*, 2014 WL 2812316, at *2 (N.D. Cal. June 20, 2014).

13      Plaintiff also appears to argue that his claims should be subject to tolling or equitable

14  estoppel on the grounds that (1) Plaintiff was on probation until November 3, 2013; and (2) that

15  another Defendant, Graciella Estrada-Scaminaci, told Plaintiff that he could not file a countersuit

16  until two weeks after Plaintiff's probation. The Court is not persuaded that either of these

17  arguments merit tolling or equitable estoppel.

18      As to the first argument related to Plaintiff's probation, California's two year tolling period

19  prescribed by California Code of Civil Procedure section 352.1(a) does not apply, as Plaintiff was

20  not incarcerated or otherwise significantly impaired in his ability to enforce his claim. *See* Cal.

21  Code Civ. Proc. § 352.1(a)[5]; *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2003)). Plaintiff has

22  not set forth a basis for tolling his claims in this case as he was only on probation at the time his

23  claims accrued, and he has presented no other evidence or argument for how this probation or any

24  other disability prohibited him from pursuing his claims. *See Diamond v. Gutierrez*, 967 F.2d 585

25  (9th Cir. 1992) (unpublished) (noting that "[a]lthough [plaintiff] was on probation, he was not

26

27  _____

[5] California Civil Procedure Code § 352.1(a) states that "if [plaintiff] is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

28

16

United States District Court
Northern District of California

incarcerated," and that tolling did not apply "because the restrictions imposed by probation 'neither precluded nor significantly impaired his ability to enforce his claim.'" (quoting *Deutch v. Hoffman*, 165 Cal. App. 3d 152, 155 (1985)).

Plaintiff's second argument that Defendant Estrada-Scaminaci told Plaintiff he would have to wait until after his probation to file suit is essentially an equitable estoppel claim. Under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. *Honig v. S.F. Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005). But Plaintiff has not pled that he relied on the City Defendants' misconduct in failing to file in a timely manner. *Id.* at 706-07. Nor does he allege that they took any actions to prevent Plaintiff from filing on time. *Lukovsky*, 535 F.3d at 1051-52 ("California equitable estoppel is thus similar to and not inconsistent with federal common law, as both focus on actions taken by the defendant which prevent the plaintiff from filing on time." (citations omitted)). Furthermore, Plaintiff "must plead with particularity the facts which give rise to the claim of fraudulent concealment." *Guerrero*, 442 F.3d at 706-07 (quotation omitted). But Plaintiff has not pled with any particularity facts that would demonstrate that these Defendants' active conduct prevented Plaintiff from complying with the statute of limitations. While this Order does not consider any claims against Defendant Estrada-Scaminaci, neither Plaintiff's FAC or SAC as presently alleged show that the City Defendants should be equitably estopped from asserting the statute of limitations defense.

Accordingly, the Court finds that certain of Plaintiff's claims arising from events that occurred before or during the time that charges were pending against him are tolled under section 945.3 until at least November 3, 2010. But otherwise, Plaintiff is not entitled to tolling or equitable estoppel against the City Defendants for asserting a statute of limitations defense. The Court now considers the timeliness of each of Plaintiff's claims.

//

United States District Court
Northern District of California

United States District Court
Northern District of California

### a.    Libel/Slander Claims

First, as to Plaintiff's libel/slander claims, under California Law, the statute of limitations for libel and slander is one year.  Cal. Civ. Proc. Code § 340(c).  In his SAC, Plaintiff admits that "the libel/slander continued until November 3, 2013, when the measure towards the statute of limitations began[.]"  SAC at 7.  Based on Plaintiff's admission, the statute of limitations for his libel/slander claim accrued at least by November 3, 2013, and Plaintiff was required to file suit within one year of that date, i.e., November 3, 2014.  *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) ("A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" (citation omitted)).  However, by waiting to file his Complaint until December 3, 2014, the statute of limitations now bars Plaintiff's libel and slander claims.  Accordingly, Plaintiff's libel and slander claims in both his FAC and SAC are dismissed as untimely and barred by the applicable statute of limitations.

### b.    Section 1983 and 1986 Claims

Second, the Court considers whether Plaintiff asserted timely claims against the City Defendants for violations of §§ 1983 and 1986.  Specifically, Plaintiff appears to allege violations of §§ 1983 and 1986 based on claims for malicious prosecution, unlawful search and seizure, and conspiracy.

Section 1983 does not contain its own statute of limitations, thus the federal courts traditionally apply the forum state's statute of limitations for personal injury actions, except to the extent inconsistent with federal law.  *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).  California's statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1.  Section 1986 claims have a one year statute of limitations. 42 U.S.C. § 1986 ("no action under the provision of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").  The question then is when Plaintiff's claims accrued.

The accrual date of a § 1983 claim is a question of federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Accrual occurs "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief[.]'"  *Id.*; *see also Canatella v. Van De*

18

1    *Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (the statute of limitations period began to run when

2    Plaintiff knew or had reason to know of the injury that forms the basis of his action). "[A] § 1983

3    action is commenced in federal district court for purposes of the statute of limitations when the

4    complaint is filed." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). The same is true

5    for Plaintiff's § 1986 claim. *See* Fed. R. Civ. P. 3.

6         As an initial matter, Plaintiff's malicious prosecution claim against the City Defendants

7    appears to be related to the allegedly exculpatory blood evidence, and that claim is barred by *Heck*

8    *v. Humphrey* as discussed above with the Attorney Defendants. A favorable judgment on this

9    claim would necessarily imply the invalidity of Plaintiff's no contest plea as the claim is premised

10   on the notion of Plaintiff's actual innocence. Under *Heck*, the Court may not hear this claim.

11        However, *Heck* and Plaintiff's no contest plea do not necessarily bar his claims for

12   unlawful search and seizure. *See Lockett*, 656 F.3d at 897. Thus, the Court considers the City

13   Defendants' challenge that the statute of limitations bars Plaintiff's unlawful search and seizure

14   claims. "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of

15   the injury which is the basis of the action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d

16   1044, 1048 (9th Cir. 2008). With respect to Fourth Amendment claims for unlawful searches and

17   seizures, the claim accrues at the time of the search or seizure. *Venegas v. Wagner*, 704 F.2d

18   1144, 1146 (9th Cir.1983) ("[W]here false arrest or illegal search and seizure is alleged, the

19   conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can

20   reasonably be deemed to have accrued when the wrongful act occurs."). Plaintiff alleges that

21   Officer Heckman unlawfully searched and seized him on June 1 or 2, 2009. SAC at 5.

22   Accordingly, Plaintiff's § 1983 claims based on a violation of his Fourth Amendment right to be

23   free from unreasonable search and seizure accrued, at the latest, on June 2, 2009. *See Wallace*,

24   549 U.S. at 388-90. Even if Plaintiff's claim is tolled until November 3, 2010 under California

25   Government Code section 945.3, Plaintiff would have had to bring his § 1983 claims within two

26   years of that date, i.e., November 3, 2010. As Plaintiff failed to file by that time, his wrongful

27   search and seizure claims are barred by the statute of limitations.

28        As to Plaintiff's conspiracy claim, claims of civil conspiracy accrue in accordance with the

United States District Court
Northern District of California

19

1    "last overt act doctrine," under which the statute of limitations runs *separately* from each overt act

2    that is alleged to have caused harm to the plaintiff.  *Gibson v. United States*, 781 F.2d 1334, 1340

3    (9th Cir. 1986) ("[i]njury and damage in a civil conspiracy action flow from the overt acts, not

4    from the mere continuance of a conspiracy." (citation omitted)).  Consequently, a plaintiff may

5    recover only for the overt acts that are specifically alleged to have occurred within the statute of

6    limitations period.  *Id.*

7            Officer Heckman's last overt act that Plaintiff alleges caused him harm is Heckman's

8    alleged search and arrest of Plaintiff on June 1 or 2, 2009.  SAC at 5.  Plaintiff does not allege that

9    Officer Heckman committed any other overt acts that caused him harm.  Any conspiracy claim

10   against Officer Heckman thus accrued on June 1 or 2, 2009, the date of his last overt act in

11   furtherance of the alleged conspiracy.  But even tolling Plaintiff's claim until November 3, 2010,

12   his claims against Heckman are untimely, as Plaintiff failed to bring his § 1983 claim within two

13   years of that date.

14           As to Defendants Ted Yamasaki and John Robertson, Plaintiff does not allege any facts

15   about when these Defendants took actions that allegedly harmed him.  Plaintiff asserts that they

16   "did not adequately perform due diligence in regards to the regulation/accountability/records of

17   officers who violated" his rights.  SAC at 4.  He also asserts that "not one 'Oath of Office'

18   document is notarized, and that MICHAEL CARROLL does not have a date on his 'Oath of

19   Office' document."  FAC ¶ 7.  Plaintiff contends that "[b]ecause these clerical errors coincide with

20   Conspiracy allegations, and because that conspiracy is to confound complaint against the officers

21   who violated said documents, damages for TED YAMISAKI and JOHN ROBERTSON pursuant

22   to 42 USC 1988 as applied through 42 USC 1983 & 42 USC 1986; 418 U.S. 323, and Gertz v.

23   Robert Welch, Inc., (1974), shall only be the $10,000,000.00 each."  *Id.*  Given these facts, it

24   appears that Plaintiff alleges ongoing acts by these Defendants.  *See Flowers v. Carville*, 310 F.3d

25   1118, 1126 (9th Cir. 2002) ("When a tort involves continuing wrongful conduct, the statute of

26   limitations doesn't begin to run until that conduct ends." (citation omitted)).

27           As to Defendants Carroll and Leal, Plaintiff alleges that they "conspired to confound

28   complaint, as evidenced in their correspondence, both to my USPS mail and e-mail

United States District Court
Northern District of California

correspondence, where MICHAEL CARROLL attempted to 'Consider this matter closed' by an inappropriately short amount of time, after willful outright denial on behalf of ANTHONY HECKMAN of ANY wrongdoing[.]" SAC at 4.  In his FAC, Plaintiff alleges that after May 27, 2014, he "complained to the NEWARK POLICE DEPARTMENT, where every effort was made to confound any accountability to receive complaint or faithfully administer any form of adequate accountability, a contempt demonstrated in the e-mail correspondence with JAMES LEAL and MICHAEL CARROLL."  FAC ¶ 6.  Given these facts, it appears that Plaintiff alleges that the last overt acts of these Defendants in furtherance of the alleged conspiracy occurred sometime around or after May 27, 2014.

In sum, as Plaintiff filed his initial Complaint within the two year period after the last alleged overt acts by Defendants Carroll, Leal, Robertson, and Yamasaki, his conspiracy claim against them under § 1983 is potentially timely.  Plaintiff's § 1986 claim is also timely as Plaintiff filed his Complaint within one year from the last alleged overt acts of Defendants Carroll, Leal, Robertson, and Yamasaki.  However, the statute of limitations bars Plaintiff's unlawful search and seizure claim, as well as Plaintiff's conspiracy claims against Officer Heckman.

   2.   Failure to State a Claim Under Sections 1983 and 1986

Having considered Plaintiff's FAC and SAC, while his conspiracy claims against Defendants Leal, Carroll, Yamasaki, and Robertson may be timely, the Court ultimately finds that Plaintiff has not set forth facts supporting the elements necessary to state a claim under § 1983 or § 1986 against the City Defendants.

      a.   Section 1983 Claim

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

21

United States District Court
Northern District of California

under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendants under § 1983 only if plaintiff can show that defendant proximately caused deprivation of a federally protected right).

Additionally, to prove a civil conspiracy under § 1983, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999).  Specifically, "[a] civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage."  *Id.* (quotation omitted).  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.  *Id.*  A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions.  *Id.* at 856-57.  That said, conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim.  *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam).  Furthermore, "[c]onspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation."  *Lacey*, 693 F.3d at 935.

In his FAC, Plaintiff does not explain which of his constitutional rights were violated or how each of the City Defendants contributed to those violations, let alone that these Defendants shared some common objective or intent to harm him.  While Plaintiff's SAC vaguely asserts a "conspiracy against due process" (SAC at 4), it fails to allege how Plaintiff's due process rights were violated.  The procedural guarantees of the Due Process Clause of the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake. *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause.").  Plaintiff has not

22

demonstrated what constitutionally protected interests or property he was deprived of a result of the City Defendants' actions.  For instance, Plaintiff has not shown how Defendant Carroll's or Defendant Leal's lack of responsiveness to his complaints deprived him of a constitutionally protected interest.  Likewise, he has not shown how Defendant Yamasaki's or Defendant Robertson's "clerical errors" (FAC ¶ 7) violated his due process rights.  Finally, Plaintiff has alleged no facts showing that the City Defendants reached a unity of purpose or common design to violate Plaintiff's constitutional rights.  Given the allegations as alleged in his FAC, the Court cannot find that Plaintiff has stated a § 1983 claim for conspiracy upon which relief can be granted.  And considering the allegations in Plaintiff's SAC, the Court likewise concludes that amendment in the SAC's current form would be futile.

> b.   Section 1986 Claim

Plaintiff also asserts that Defendants violated § 1986.  Section 1986 states in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.  "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."  *Id.* (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)); *see also Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir.1983), *cert. denied*, 465 U.S. 1100 (1984); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991).

Plaintiff has not alleged a claim under § 1985, and to the extent he intends his more generalized conspiracy claims to establish a § 1985 claim, the allegations in his FAC and SAC are insufficient.  *See also United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29

United States District Court
Northern District of California

23

1    (1983) (to establish a violation of § 1985(3), a plaintiff must allege a conspiracy motivated by

2    racial or other class-based animus); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir.

3    1991) (to establish a violation of § 1985(2), a plaintiff must prove the existence of a conspiracy

4    "which deter[s] by force, intimidation, or threat a party or witness in federal court" or a conspiracy

5    "which obstructs the due course of justice in any State or Territory with intent to deny equal

6    protection[,]" requiring an allegation of "a class-based, invidiously discriminatory animus."

7    (quotations and citations omitted)).  Plaintiff has not alleged facts supporting the required

8    elements of either a § 1985 claim or a § 1986 claim.

9        As such, Plaintiff has failed to state a § 1986 claim in his FAC, and to permit him leave to

10    amend with the allegations in his proposed SAC would likewise be futile.

### CONCLUSION

12        Given the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss and **DENIES**

13    Plaintiff leave to file his second amended complaint in its current form.  However, the Court will

14    permit Plaintiff leave to file another version of his second amended complaint, which addresses

15    the concerns in this Order.  Specifically, the Court orders as follows:

16    1.  Plaintiff's § 1983 claims for malicious prosecution are DISMISSED WITHOUT

17        PREJUDICE.  Plaintiff may amend his complaint to add malicious prosecution claims only

18        if he can allege facts showing that his claims are not barred under *Heck v. Humphrey*, for

19        instance, by showing that Plaintiff's conviction was set aside or that Plaintiff's malicious

20        prosecution claims in this case are not inconsistent with his no contest plea.  Additionally,

21        Plaintiff may only amend if he can allege facts showing that the Attorney Defendants are

22        not entitled to prosecutorial immunity.

23    2.  Plaintiff's slander/libel claims are DISMISSED WITHOUT PREJUDICE as barred by the

24        statute of limitations.  Plaintiff may amend only if he can show some way in which these

25        claims are timely or why tolling or some other equitable estoppel might apply.

26    3.  Plaintiff's § 1983 claims for unlawful search and seizure are DISMISSED WITHOUT

27        PREJUDICE as barred by the statute of limitations.  Plaintiff may amend only if he can

28        show some way in which these claims are timely or why tolling or some other equitable

United States District Court
Northern District of California

24

1   estoppel might apply.

2   4.   Plaintiff's § 1983 conspiracy claim against Officer Heckman is DISMISSED WITHOUT

3        PREJUDICE as barred by the statute of limitations.  Plaintiff may amend only if he can

4        show some way in which this claim is timely or why tolling or some other equitable

5        estoppel might apply.

6   5.   Plaintiff's § 1983 conspiracy claims against Defendants Leal, Carroll, Yamasaki, and

7        Robertson are DISMISSED WITHOUT PREJUDICE for failure to state a claim.  Plaintiff

8        may amend only if he can allege plausible factual allegations to support the elements of a

9        conspiracy claim under § 1983, including by alleging which of Plaintiff's constitutional

10       rights Defendants allegedly violated through their purported conspiracy and how.

11  6.   Plaintiff's § 1986 claim against the City Defendants is DISMISSED WITHOUT

12       PREJUDICE for failure to state a claim.  Plaintiff may amend only if he can allege

13       plausible factual allegations to support the elements of a § 1986 claim, which includes the

14       requirement that Plaintiff allege a valid § 1985 claim.  In turn, a § 1985 claim requires

15       allegations that the conspiracy is motivated by racial or other class-based animus; that the

16       conspiracy deterred by force, intimidation, or threat a party or witness in federal court; or

17       that the conspiracy obstructed the due course of justice in any State or Territory with intent

18       to deny equal protection, based on a class-based, invidiously discriminatory animus.

19       Additionally, the Court notes that Plaintiff's FAC and SAC both appear to contain

20  references to various state and federal laws, as well as case citations, including "California HS

21  11362" and "Gertz v. Robert Welch, Inc. (1974)."  As noted above, it is often unclear which

22  allegations are meant to apply to which Defendant(s), and this lack of clarity extends to these case

23  and statutory citations that appear somewhat randomly throughout both of Plaintiff's FAC and

24  SAC.  Given the Court's difficulty in understanding the precise claims and allegations asserted by

25  Plaintiff, the Court provides the following guidance.

26       If Plaintiff files an amended complaint, Plaintiff must comply with the guidelines set forth

27  in Rule 8(a).  This rule requires that a complaint for relief include (1) a short and plain statement

28  of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that

United States District Court
Northern District of California

25

the pleader is entitled to relief; and (3) a demand for the relief sought.  A pleading may not simply

allege a wrong has been committed and demand relief; it must state the elements of the claim

plainly and succinctly.  Plaintiff must allege with at least some degree of particularity the facts in

which the Defendant(s) engaged to support the claim.  *Jones v. Cmty. Redev. Agency*, 733 F.2d

646, 649 (9th Cir. 1984).

      In preparing the amended complaint, Plaintiff may wish to seek assistance from the Legal

Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or

by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco,

450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, Plaintiff will be

able to speak with an attorney who may be able to provide basic legal help but not representation.

More information is available at http://cand.uscourts.gov/helpcentersf.  The Court also

recommends that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*,

which is available free of charge in the Clerk's Office, or online at

http://cand.uscourts.gov/prosehandbk.  This handbook provides an explanation of the required

components of a complaint.

      Consistent with the instructions in this Order, Plaintiff shall file any amended complaint by

June 23, 2015.  Failure to file an amended complaint by this deadline shall result in the dismissal

of this case with prejudice.  The Clerk is directed to close the file in this case if an amended

complaint is not filed by.

      **IT IS SO ORDERED.**

Dated: May 19, 2015

_____

MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California